**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD D. THATCHER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-13-0277-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: October 17, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Rogers, San Antonio, Texas, for the appellant.

Erich W. Schwartze, III, Esquire, and Thomas Herpin, Esquire, Houston, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was removed from his position of Medical Instrument Technician, GS-0649-09, in Anesthesiology Services at the South Texas Veterans Health Care System in San Antonio, Texas. Initial Appeal File (IAF), Tab 5, Subtabs 4a-4b. The appellant was charged with conduct unbecoming a federal employee after he refused to provide a urine sample for drug testing that his immediate supervisor ordered based on a suspicion that he was under the influence of drugs. *Id.*, Subtab 4c. This incident occurred on November 26, 2012, when he sought to return to duty after he was released from medical restrictions arising from an injury he suffered in April 2012. *See id.*, Subtab 4g, Tab 10 at 5-8, Tab 18, Exhibits (Exs.) A, C, F.

¶3 The appellant filed a claim with the Office of Workers' Compensation Programs (OWCP) for that injury. IAF, Tab 18, Ex. A; Hearing Compact Disc (HCD). The agency contested the claim, which the Department of Labor rejected, and he was placed on leave without pay. IAF, Tab 10 at 5-8, Tab 18, Ex. A; HCD. He remained on light-duty restrictions until November 2012, and the

agency denied his request for a reasonable accommodation.  IAF, Tab 18, Exs. C-D, F.

¶4      The appellant appealed his removal.  IAF, Tab 1.  He asserted that the agency discriminated against him based on race (Hispanic) and disability and that it acted in reprisal for the OWCP claim he had filed.[2]  *Id.* at 4-5, Tab 11 at 2, Tab 18 at 2, 4-5.   He also asserted that the agency committed harmful procedural error.  IAF, Tab 18 at 3.  Rejecting these affirmative defenses, the administrative judge sustained the charge and found the penalty to be reasonable.  IAF, Tab 29, Initial Decision (ID) at 11, 13, 15, 17-18, 21.

¶5      On review, the appellant argues that the administrative judge did not address his claim that the agency denied his *Weingarten* right of representation for the drug test.[3]  Petition for Review (PFR) File, Tab 3 at 5-7.[4]  The appellant

---

[2] The appellant initially characterized the agency's alleged retaliation for his OWCP claim as a prohibited personnel practice under 5 U.S.C. § 2302(b)(9).  IAF, Tab 1 at 4-5, Tab 11 at 2.  He later asserted in his prehearing submissions that the agency retaliated against him for unspecified whistleblowing.  IAF, Tab 18 at 5.  Although the appellant's representative recited the burden and elements of proof for a whistleblower claim, *see id.*, he made no specific allegation of fact in support of his assertion. Whistleblower retaliation does not appear on the list of issues set forth during the prehearing conference, *see* IAF, Tab 20 at 2-3, and the appellant did not object to that list in his response to the prehearing conference summary, *see* IAF, Tab 23.  The appellant on review asserts that the administrative judge failed to address his whistleblower complaint.  PFR File, Tab 3 at 21.  However, the appellant appears to have referred to his whistleblowing in connection with his claim under 5 U.S.C. § 2302(b)(9).

[3] In *Weingarten*, the U.S. Supreme Court gave employees who are members of a collective bargaining unit for which the union has exclusive representation rights the right to union representation when they reasonably believe that an interview may result in disciplinary action.  *See National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251, 260-66 (1975); *see also* 5 U.S.C. § 7114(a).

[4] The appellant filed a timely request for an enlargement of time in which to file his petition for review.  PFR File, Tab 1 at 5.  The Office of the Clerk of the Board acknowledged the petition as timely filed but did not address the appellant's request for an extension.  *See* PFR File, Tab 2 at 1.  The appellant filed an amended petition for review 11 days after his requested extension period ended.  *See* PFR File, Tab 1 at 5, Tab 3.  The agency avers that the petition for review was untimely filed without good

explains that the *Weingarten* right of union representation for an investigative interview also allows *non-union* representation. *Id.* at 6-7. He asserts that the agency denied him the right of representation when it did not allow him to delay his drug test until he could seek the advice from his non-union representative. *Id.* at 5-7. When his immediate supervisor ordered him to report for testing, the appellant refused to provide a urine sample, explaining that he wanted to consult with his off-site representative. IAF, Tab 5, Subtab 4c at 2, Subtab 4h at 2. The supervisor offered the appellant the services of a union representative, which he refused. *Id.*, Subtab 4c at 2-3. The appellant accompanied the supervisor to the laboratory, where he continued, in the presence of the laboratory supervisor, to refuse to provide a specimen. *Id.* He left the facility without scheduling a test, *id.* at 3, and he testified that the supervisor forced him to leave immediately, HCD. He testified that he sought to reschedule the test after he consulted with his representative, but the supervisor refused. *Id.* The appellant asserts that he was harmed by the agency's alleged error here and that he was denied due process.[5]

¶6        The Board normally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). We examined the record, including the appellant's submissions and the reports from the prehearing conferences, and we did not find that he previously asserted that the agency violated his *Weingarten* rights. Instead, his arguments pertained to whether the

cause shown for the delay in filing. PFR File, Tab 5 at 3. We make no finding as to the timeliness of the petition for review, and instead, we address the merits of the petition.

[5] The administrative judge correctly determined that the appellant's allegations about the agency's drug testing procedures were properly addressed as claims of harmful procedural error. The appellant did not assert that the agency failed to give him notice of the charges against him or the evidence that would be used. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-76 (Fed. Cir. 1999). Instead, he asserted that the agency failed to follow its prescribed drug testing procedures.

agency demonstrated that it had reasonably suspected he was using drugs and had warned him that he could be disciplined if he refused to submit to testing. *See* IAF, Tab 18 at 3, Tab 20 at 3, ID at 10-11, 15-17. The right to representation during such a test is a separate issue. Moreover, the well-settled right to representation by a union during an investigative interview does not appear to have been extended to non-union representation.[6]

¶7    The appellant argues that the agency erred by failing to follow Veterans Affairs (VA) Drug-Free Workplace Program, VA Handbook 5383 (Dec. 23, 2004); Drug-Free Federal Workplace, Exec. Order No. 12,564, 51 Fed. Reg. 32,889 (Sept. 15, 1986); and the applicable collective bargaining agreement. PFR File, Tab 3 at 7-8; *see* IAF, Tab 5, Subtab 4q at 11-50. This argument appears to be a variation of his allegation of harmful procedural error below. The appellant argues that the Deputy Chief of Staff at the medical center, who approved management's request that he undergo drug testing, "was not informed that [he] had supplemental medical documentation of lawful use of an otherwise illegal drug." PFR File, Tab 3 at 7. Additionally, he notes, the Deputy Chief of Staff testified that the appellant was not given the standard letter of notice normally given to an employee to be tested. *Id.* The letter explains that an employee to be tested may submit records documenting the lawful use of an otherwise illegal

---

[6] The statute applying *Weingarten* in the federal workplace allows bargaining unit employees to have non-union representation during a grievance or appeal. 5 U.S.C. § 7114(a)(5). The right to be represented by non-union representatives, however, does not appear to extend to investigative interviews. *Cf., e.g.*, *Gonzales v Department of Health & Human Services*, 22 M.S.P.R. 1, 2 (1984) (an employee's right of representation at a proposed meeting to discuss his compliance with his supervisor's instructions was not violated where a local union representative was available to represent him, but he unreasonably insisted on being represented by the union president, who was unavailable), *aff'd*, 770 F.2d 181 (Fed. Cir. 1985). Because the statute specifically allows non-union representation during grievances and appeals, it is unlikely that such representation also would be allowed for investigative interviews. *See Edwards v. Department of Homeland Security*, 110 M.S.P.R. 243, ¶ 13 (2008) (where a statute enumerates certain exceptions to a general rule, it is preferable not to interpret the statute as containing additional exceptions that have not been enumerated).

drug to the agency's Medical Review Officer. *Id.* at 8. The appellant explains that he adduced testimony regarding his use of prescribed narcotics that could have caused the erratic behavior his supervisor noticed before ordering the test. *Id.* He further argues that he had no motive to refuse drug testing other than to ensure "that his rights as an employee being drug tested were intact." *Id.*

¶8 To the extent that the administrative judge found testing to be reasonable under the circumstances, we agree. The administrative judge relied upon testimony from the appellant's immediate supervisor and from the medical center's Chief of Anesthesiology Services, who were witnesses to the appellant's erratic behavior. *See* ID at 5-6; *see also* IAF, Tab 5, Subtabs 4h, 4*l*. Additionally, the appellant's supervisor cited his claim made to a coworker that he had been using "smack."[7] ID at 5; *see* IAF, Tab 5, Subtab 4m.

¶9 As to whether the agency followed correct testing procedures, the appellant may not have raised that issue below. Nevertheless, he was ordered to take a test based on reasonable suspicion because of his demonstrated behavior, rather than a random test based on the responsibilities of his position. *See* IAF, Tab 5, Subtab 4k, Subtab 4q at 23-24, 26-27. An employee subject to a test based on reasonable suspicion may notify his union or representative of the test, but he must also submit to testing immediately. HCD; *see* IAF, Tab 5, Subtab 4q at 27, 30. As the administrative judge noted, the agency informed the appellant that testing was mandatory and that he could be disciplined for failing to provide a urine sample. ID at 11.

¶10 Moreover, the appellant was not removed for failing a drug test. Instead, he was removed for conduct unbecoming—a broad offense defined on a case-by-case basis—because he failed to obey management's instructions to take a drug test. *See* IAF, Tab 5, Subtab 4c at 1-2. A general charge like conduct unbecoming may

---

[7] "Smack" is a street term for heroin, a narcotic drug. Smack Definition, Dictionary.com, http://dictionary.reference.com/browse/smack?s=t (last visited Sept. 26, 2014).

be sustained when the Board finds that the appellant engaged in inappropriate behavior, even when his behavior does not rise to the level of impropriety asserted by the agency.[8] *Russo v. U.S. Postal Service*, 284 F.3d 1304, 1309-10 & n.2 (Fed. Cir. 2002). The appellant could have submitted to testing, and then appropriately grieved any perceived impropriety. A federal employee lacks the unfettered right to disregard an order because he has reason to believe it is improper. Except in certain limited circumstances that do not apply here, he must first comply with the order and then register his complaint or grievance. *See Cooke v. U.S. Postal Service*, 67 M.S.P.R. 401, 407-08, *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) (Table).

¶11    The appellant reasserts his claim that the agency did not follow correct testing procedures as an act of reprisal for his OWCP claim. PFR File, Tab 3 at 8-9, 17, 20. He also reargues the issue of whether the agency accommodated the condition that required him to be in light-duty status, *id.* at 15, and whether the agency discriminated against him based on race, *id.* at 14, 21. The administrative judge, however, addressed these issues at length in the initial decision, ID at 12-15, 17-18, and we find no error in her analysis.

¶12    The appellant additionally asserts that the agency discriminated against him under the Americans with Disabilities Act (ADA) by incorrectly regarding him as a substance abuser. PFR File, Tab 3 at 14-15; *see, e.g.*, *Ackridge v. Dep't of Human Servs., City of Philadelphia*, Civ. A. No. 93-6783, 1994 WL 184421, at *1-*2 (E.D. Pa. May 5, 1994) ("Here, Ms. Ackridge claims that she was discriminated against because she was wrongly perceived as being an alcoholic and/or substance abuser. If she was not, in fact, using illegal drugs, but was perceived as doing so, or if she does, or was perceived as, suffering from alcoholism, her allegations might give rise to an action under the ADA."). His allegations before the administrative judge instead addressed the agency's alleged

[8] The penalty, however, should reflect only proven impropriety. *See Russo v. U.S. Postal Service*, 284 F.3d 1304, 1309-10 & n.2 (Fed. Cir. 2002).

failure to grant him a reasonable accommodation.  *See* ID at 13-15; IAF, Tab 20 at 2 n.2.  Thus, the appellant has raised a new issue on review, and he has not asserted that it is based on new and material evidence that was unavailable to him despite due diligence before the record closed below.  *See Banks*, 4 M.S.P.R. at 271.

¶13     Finally, the appellant argues that the administrative judge's rulings showed that she was biased against him.  PFR File, Tab 3 at 15-16.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, the appellant failed to allege such antagonism.  He simply asserts his disagreement with rulings and actions that were within the administrative judge's sound discretion.  PFR File, Tab 3 at 16.  Additionally, he failed to document his allegations in an affidavit.  *See Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991).  His argument is thus unavailing.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement

of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.